```
LYLE D. SOLOMON, SBN 226025
P.O. Box 1411
Rocklin, CA 95677
Telephone     (916) 532-2726
```

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY KASSMAN,<br><br>  Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A. an unknown business entity, BNY MELLON an unknown business entity, SP SERVICING, INC., a California Corporation, MTC FINANCIAL, dba TRUSTEE CORPS., an unknown business entity, and Does 1 through 50 inclusive<br><br>  Defendants. | NO.   2:16-CV-00425-JAM-CKD<br><br>**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAME**<br><br>Date:  February 19, 2013<br>Time:  10:00 a.m.<br>Crtrm: 205A, 2nd Floor<br><br>ACTION FILED NOVEMBER 10, 2015 |

**I.**

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAME**

This is an action for breach of contract, all causes of action are brought under California State Law, Plaintiff has brought no federal law claims. This action was originally filed by Plaintiff in the Superior Court of California in and for Placer County. This action was removed from the state court by defendants MERS and New York Bank of Mellon. Prior to the removal of this action by defendants Plaintiff filed a first amended complaint in Placer County.

At this time Defendant Bank of America, N.A. has filed a Motion to Dismiss pursuant to F.R.C.P. 8 asking this court to dismiss Plaintiff's First Amended Complaint on the grounds that Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 which requires that a pleading filed in Federal Court contain, "…a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The motion is entirely based on the wording of F.R.C.P. 8, the page limitations on federal court filings.

## II.
## LEGAL ARGUMENT

In support of this motion to dismiss defendant cites several cases. The first, *McHenry v. Renne*, 84 F.3d 1172, like all other caselaw in defendants' motion, is cited for the purpose that a complaint must contain a short and concise statement of the law and the claims alleged. That case is distinguishable from this one on one very important fact which defendant has failed to acknowledge. The court in *McHenry* stated in the procedural history that the court had given the plaintiff three opportunities to amend the complaint in accord with the judge's instructions, but plaintiff had failed to do so. Such is not the case here. Plaintiff filed this action originally in Placer County Superior Court and filed the First Amended Complaint in that court after defendant Bank of America N.A. filed a demurrer but before the court rendered a decision on that motion. This is the first time this Court is considering Plaintiff's complaint, original or first amended. As such Plaintiff should be given the opportunity to amend the complaint in accordance with FRCP 8.

In fact each of the case cited by defendant in support of this motion all one thing in common and distinguishable from this case. In each case the court found that after several opportunities to correct deficiencies in the pleadings, specifically lack of conciseness and/or excess of page limits, the Plaintiffs in those cases failed to either file an amended complaint or if they did file an amended complaint they failed to address the specific issues each of these courts had ruled were in need of correction.

This raises several issues, first, Plaintiff did not file this action in Federal Court and as such was not subject to the pleading requirements of FRCP 8, this case was removed to Federal Court by defendants. Second, there has been no court ruling on the lack of conciseness or excess of page

limits alleged by defendants thus Plaintiff has had no opportunity to address those issues by filing an amended complaint. According to the cases cited by defendants it would be an abuse of discretion for this court to dismiss Plaintiff's complaint without giving him an opportunity to address the issues raised in this motion.

While defendants' motion to dismiss is not brought pursuant to Rule 12(b)(6) it is obvious from the cases cited by defendants that similar, if not the same, standards should be followed and applied in determining whether this complaint should be dismissed with prejudice or if Plaintiff should be granted leave to amend the complaint and address those issues. The Supreme Court has held that a motion to dismiss under Rule 12(b)(6) will only be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief (See *Gibson v. United States*, 781 F.2d 1334, 1337 (9th Cir. 1986).) Defendants' motion to dismiss does not assert that there are no such facts. In fact defendants' motion shows that if given the opportunity to do so Plaintiff could address and cure the alleged defects in the First Amended Complaint by filing a Second Amended Complaint.

## IV.
## **CONCLUSION**

Plaintiff respectfully requests that, based on the evidence provided and the preceding points and authorities, the court grant his request to amend the complaint and address those issues raised in defendants' motion.

Respectfully submitted.


DATED:   March 18, 2016                              /S/ CSB # 226025
                                                                   Lyle D. Solomon

Kassman v. Bank of America, et al., Opposition to F.R.C.P. 8 Motion to Dismiss