1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   ANTHONY KASSMAN,                    No. 2:16-cv-00425-JAM-CKD

12            Plaintiff,

13        v.                             **ORDER GRANTING MOTION TO DISMISS
                                         PLAINTIFF'S FIRST AMENDED**
14   BANK OF AMERICA, NATIONAL           **COMPLAINT**
     ASSOCIATION, a Corporation;
15   MORTGAGE ELECTRONIC
     REGISTRATION SYSTEM; SELECT
16   PORTFOLIO SERVICING, INC, a
     Corporation; BANK OF NEW YORK
17   MELLON, INC. as Trustee for
     the Certificate Holder of the
18   CWALT, Inc. Alternative Loan
     Trust 2005-51 Mortgage Pass-
19   Through Certificates, Series
     2005-51; BANK OF NEW YORK
20   MELLON; MTC FINANCIAL, a
     Corporation dba TRUSTEE
21   CORPS; YORK REAL ESTATE
     DEVELOPMENT, LLC, a
22   California Limited Liability
     Company; JAMES YORK, an
23   individual; JOHN SHANER, an
     individual; and DOES 1
24   THROUGH 50 inclusive,

25            Defendants.

26

27        Defendant Bank of America, National Association (BANA) seeks

28   to dismiss Plaintiff Anthony Kassman's ("Plaintiff's") First

                                       1

Amended Complaint (FAC) under Federal Rule of Civil Procedure ("Rule") 8(a)(2) (Doc. #17).  For the following reasons, the motion is GRANTED with leave to amend.[1]

## I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff filed his FAC in state court in December 2015.  He alleges twenty-one causes of action, related to the foreclosure of his property.  Defendants Mortgage Electronic Registration System, Select Portfolio Servicing, Inc, and Bank Of New York Mellon, Inc. as Trustee for the Certificate Holder of the CWALT, Inc. Alternative Loan Trust 2005-51 Mortgage Pass-Through Certificates, Series 2005-51 (collectively, "Removal Defendants") removed this case on February 26, 2016, asserting subject matter jurisdiction on the basis of federal question jurisdiction. Notice of Removal (Doc. #1) 3:7-11.

BANA moved to dismiss (Doc. #5), and the motion was fully briefed.  Thereafter, the Court issued a minute order dismissing BANA's motion without prejudice for failure to comply with the Court's Order requiring counsel to meet and confer before filing any motion (Doc. #14).  BANA filed another motion to dismiss, which Removal Defendants joined (Doc. ##17, 20).  Plaintiff opposes (Doc. #22), and both BANA and Removal Defendants have replied (Doc. ##23, 24).

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).  The hearing was scheduled for July 19, 2016.

II.   OPINION

BANA "moves to dismiss on grounds that Plaintiff's 123-page, 613-paragraph operative complaint violates Rule 8's well-established requirement that a pleading contain 'a short and plain statement of the claim.'"  BANA's Mot. to Dismiss Pl.'s FAC Pursuant to Rule 8 ("Mot.") 1:6-8.  BANA "requests that this Court dismiss Plaintiff's First Amended Complaint *with prejudice*."  Id. at 3:9-10.

In his opposition, Plaintiff argues that he was not subject to the Rule 8 pleading standard when he filed in state court. Pl.'s Opp'n to Mot. & Mem. of P. & A. ISO Same ("Opp'n") 2:26-28, 3:22.  Plaintiff asks the Court to "grant his request to amend the complaint."  Id. at 4:12-13.

The Court agrees with the parties that Plaintiff's FAC does not comply with Rule 8.  Rule 8(a)(2) dictates: "A pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 8(d)(1) states: "Each allegation [of a pleading] must be simple, concise, and direct." Id. 8(d)(1).

The FAC is unnecessarily lengthy and repetitive, and it lacks "simple, concise, and direct" allegations.  Id.  For example, Plaintiff has not made clear connections between general information about BANA's past business practices and Plaintiff. BANA and Removal Defendants, however, have not shown that amendment would be futile, for the reasons discussed below.

BANA relies in part on Lowery v. Hauk, 422 F. Supp. 490 (C.D. Cal. 1976) for the proposition that "federal courts can and

3

1  do dismiss original complaints on Rule 8 grounds."  BANA's Reply

2  ISO Mot. 3:21. In <u>Lowery</u>, the court found the fourteen-page

3  complaint violated Rule 8, but it also found judicial immunity

4  precluded plaintiff's claims.  <u>Id.</u> at 492–93.  Unlike <u>Lowry</u>, BANA

5  has not shown this lawsuit "cannot be maintained against" the

6  named defendants.  <u>Id.</u> at 492.

7  Removal Defendants present two additional reasons for

8  dismissal without leave to amend.  First, they argue Plaintiff

9  brings the FAC "in 'bad faith and with a dilatory purpose.'"

10 Removal Defs.' Notice of Joinder & Mot. to Dismiss for Failure to

11 Comply with Rule 8(a)(2) ("Joinder") 2:10 (quoting <u>Jerviss v.</u>

12 <u>Select Portfolio Servicing, Inc.</u>, No. 2:15-CV-01904-MCE-KJN, 2015

13 WL 7572130, at *7 (E.D. Cal. Nov. 25, 2015)).  Removal Defendants

14 point to Plaintiff's failure to comply with Rule 8 and "tactics

15 during the meet and confer process."  Joinder 2:12-20.  Removal

16 Defendants, however, have not demonstrated Plaintiff filed this

17 lawsuit in bad faith and with a dilatory purpose sufficient to

18 justify dismissal without leave to amend.

19 Second, Removal Defendants argue in a conclusory manner that

20 "Plaintiff cannot amend the FAC in good faith because he assigned

21 his rights in this action to Donald Hubbard."  Joinder 2:23-24.

22 Removal Defendants submit an exhibit entitled "Assignment

23 Agreement," which they assert is "a notarized assignment of

24 Plaintiff's right to sue in this action."  Decl. of Connor W.

25 Olson ISO Joinder (Doc. #20-1) ¶ 4; Ex. A, at 1.  Generally, the

26 Court may not consider material beyond the pleadings in ruling on

27 a motion to dismiss, and Removal Defendants have failed to

28 establish a proper basis for the court to take judicial notice of

1  this exhibit.  Viewing the exhibit as currently presented, the

2  Court is unable to verify its accuracy, and its content does not

3  appear to be commonly known in the community.  See Fed. R. Evid.

4  201(b).

5

6                            III.   ORDER

7        For the reasons set forth above, the motion to dismiss is

8  GRANTED WITH LEAVE TO AMEND.  Plaintiff shall file his amended

9  complaint within twenty (20) days from the date of this Order.

10  This action may be dismissed with prejudice under Federal Rule of

11  Civil Procedure 41(b) if Plaintiff fails to file an amended

12  complaint within the prescribed time period.  Defendants shall

13  file their responsive pleadings to this amended complaint within

14  twenty (20) days thereafter.

15        IT IS SO ORDERED.

16  Dated: August 2, 2016

17

18                                          JOHN A. MENDEZ,
                                           UNITED STATES DISTRICT JUDGE
19

20

21

22

23

24

25

26

27

28

                                    5